PEERY, Plaintiff in Error, v. KERR *et al.*, Defendants in Error.

1. A., B., C. and D., by written agreement, bound themselves "each to the others," that they would purchase a steamboat, contributing in equal shares to the payment of the purchase money, A. to act as master of the boat when purchased, and B. as clerk. The agreement contained this further provision: "And it is further agreed between the parties, that should any of them at any time after said purchase desire to sell his interest in said boat, the other parties to this agreement, or such of them as may have an interest in said boat at the time, or such person as a majority of them may select, may have the preference in purchasing said interest, provided he or they so proposing to purchase will do so on the same terms that the party so wishing to sell may be able to obtain from the other parties." *Held*, that this agreement was several only; that each party bound himself to the others, and that two of said parties could not be sued jointly by a third for a breach of the above stipulation.

*Error to Chariton Circuit Court.*

On the 28th of July, 1858, Andrew L. Kerr, Jasper M. Perry, Joseph F. Dickey and Ambrose M. Day entered into an agreement as follows: "The aforesaid parties do hereby agree and bind themselves, each to the others, in

23—VOL. XXX.

the sum of five thousand dollars, that they will purchase the steamboat David Tatum, or some other steamboat which may be selected by a majority of said parties, said purchase to be made as soon after this time as can conveniently be done, and said boat, when purchased, to be used in the Missouri river or any other of the western waters in a general carrying business of freight and passengers ; and the said parties do agree, each with the others, that they will contribute in equal proportions to the payment of the purchase money of said steamboat. And it is further agreed that the said Peery shall be the master of said boat when so purchased, and the said Kerr shall be the first clerk thereof, and shall have the appointment and control of the under-clerks so long as the said Peery and the said Kerr may respectively wish to occupy said positions, and it may not be contrary to the wishes of a majority of the owners. And it is further agreed between the parties, that should any of them at any time after said purchase desire to sell his interest in said boat, the other parties to this agreement, or such of them as may have an interest in said boat at the time, or such person as a majority of them may select, may have the preference in purchasing said interest, providing he or they so proposing to purchase will do so on the same terms that the party so wishing to sell may be able to obtain from other parties. And the said parties bind themselves each to the others, in the sum of five thousand dollars, faithfully on his part to perform all the agreements herein contained. Given under," &c.

This is a suit by Peery against Kerr and Dickey. The petition, after setting forth the above agreement, proceeds to allege in substance as follows : That the parties to the above agreement purchased the steamboat David Tatum jointly ; that plaintiff took command ; that Kerr acted as clerk ; that the said boat was used by the parties in navigating the Missouri river until about November 1, 1858, when plaintiff and defendants, Day consenting thereto, agreed between themselves to sell their interest ; that plaintiff and Dickey execu-

ted separate powers of attorney to defendant Kerr authorizing him to sell their interest; that plaintiff executed said power of attorney in full faith that his interest would be sold jointly, so that all said parties should be divested of their interests and neither remain owner with other persons; that the defendants fraudulently and contrary to the express agreement of the parties, and without advising with plaintiff and getting his consent, sold their entire interest to one Williams, without including the interest of plaintiff in said sale; that without consulting plaintiff, and in fraud of his rights, defendants placed the boat in charge of said Williams as captain; that defendants knew Williams was insolvent; that in consequence of said fraudulent collusion, and by reason of the carelessness and mismanagement of said Williams, said steamboat lost money and was subsequently sold for debt; that the money arising from said sale was insufficient to pay all the demands against the boat; that plaintiff has become responsible as part owner for large sums of money, and has lost his interest in the boat.

The court sustained the demurrer to the petition.

*Shackelford & Turner*, for plaintiff in error.

The demurrer was improperly sustained. The contract is set forth as the inducement to the action, and the injury complained of resulted from the joint fraudulent acts and by the collusion of defendants. Under the old rules of practice an action on the case could clearly have been maintained on the alleged state of facts. (Chitty on Pleading, 154.)

*Harris*, for defendants in error.

I. The amended petition does not state facts sufficient to constitute a cause of action. If the agreement filed with the petition and the alleged breach of the stipulations therein are alone relied on, then there is no cause of action, because the petition shows that both defendants sold their shares with the consent of each other, and that Day had agreed to

a sale by them. The defendants and Day constituted a majority, and the agreement authorized a sale whenever a majority should consent. If a breach of the second agreement referred to in the amended petition is the ground of the action, it is insufficient, because there was no consideration for such agreement. The alleged agreement *between the* parties to the action that they would sell jointly did not constitute mutual promises in a legal sense, so that a promise by one would be a consideration for the promise of another. Such agreements would not be binding, and either party would have a right to recede from it until something had been done under it affecting the rights or the interests of the other parties. If both agreements are relied on, then there is a misjoinder of causes of action; a cause of action upon one could not be united with a cause of action upon the other. They would not belong to either one of the classes mentioned in the practice act. If the causes of action are properly united, they are not separately stated, with the relief sought for each, in such manner that they can be distinguished.

II. There is a misjoinder or multifariousness in this, that a joint judgment is asked against both defendants for the separate acts of each. The defendants are bound separately and not jointly under both agreements; and if the action is for a breach of the agreement, as well as for the alleged combination to defraud, then the petition is multifarious. By the written agreement each party was bound severally to the others jointly.

Scott, Judge, delivered the opinion of the court.

There is but one cause of action stated in the petition, and that is founded on the written agreement. The agreement is several only. Each party binds himself to the others. They did not intend to become sureties for each other. Each defendant is separately liable to all the others for his own acts. If this action can be sustained, then the defendants

are made liable for each other, whilst their undertaking was several. Actions should have been commenced against each defendant violating the agreement.

Affirmed. The other judges concur.